IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, S.I.

    Plaintiff,

v.                                                                                       Case No. 3:23-cv-490

MIDEA AMERICA CORPORATION and
ALLIANZ GLOBAL RISKS US
INSURANCE COMPANY,

    Defendants.

## COMPLAINT

The plaintiff, for its complaint against the above-named defendants, states:

### PARTIES

1. Plaintiff American Family Mutual Insurance Company, S.I. ("American Family") is a domestic company licensed to sell insurance in the State of Wisconsin.

2. Defendant Midea America Corporation ("Midea America") is a company incorporated under the laws of the State of Florida. Its principal place of business where its officers and directors control the company's operations is located at 5 Sylvan Way, Parsippany, New Jersey. Its registered agent for service of process in New Jersey is Corporation Service Company, Princeton South Corporate Center, Suite 160, 100 Charles Ewing Boulevard, Ewing, New Jersey.

3. Defendant Allianz Global Risks US Insurance Company ("Allianz") is a company incorporated under the laws of the State of Illinois. Its principal place of business where its officers and directors control the company's operations is located at 225 West Washington Street, Suite 1800, Chicago, Illinois. Its registered agent for service of process is CT Corporation System, 301 South Bedford Street, Suite 1, Madison, Wisconsin. Its insured, Midea America, is a citizen of Florida.

## JURISDICTION AND VENUE

4. The amount in controversy is over $75,000.00.

5. The court has subject matter jurisdiction over this matter because under 28 U.S.C. §1332, because the plaintiff is incorporated, resides and maintains its principal place of business in a state (Wisconsin) diverse from the states in which the defendants are incorporated, reside and maintain their principal places of business (New Jersey, Illinois and Florida).

6. The Court has personal jurisdiction over the defendants because they have purposefully availed themselves to the benefit of the laws of this judicial district by regularly transacting and/or conducting business in the State of Wisconsin.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because both defendants are residents of the district under 28 U.S.C. §1391(c)(2).

## FACTS REGARDING THE FIRE

8. Guangdong Midea Electric Co., Ltd., a Chinese Company, designed, engineered, manufactured, introduced into the stream of commerce, and sold a dehumidifier ("the dehumidifier").

9. Midea America imported the dehumidifier into the United States and distributed it.

10. The dehumidifier was sold to Anthony and Kathleen Colucci.

11. The dehumidifier was used at the Coluccis' home, 124 Summit Avenue, Center City, Minnesota.

12. The Coluccis used the dehumidifier in a manner that was anticipated, proper, foreseeable, and consistent with all instructions and warnings that were provided to them.

13. On May 21, 2021, the dehumidifier spontaneously combusted, causing a fire ("the fire").

14. The fire caused extensive damages to the Coluccis' home and personal property.

15. At the time of the fire, American Family had issued to the Coluccis, and there was in full force and effect, a policy of insurance that insured the Coluccis against the damages caused by the fire. Pursuant to its policy, American Family paid to, or on behalf of the Coluccis the damages caused by the fire, less any applicable deductible, and is subrogated to the rights of the Coluccis to the extent of its payments.

16. At the time of the fire, Allianz had issued to Midea America a policy of liability insurance which insured Midea America against liability for the damages caused by the fire. Allianz is a proper party to this lawsuit pursuant to Wis. Stat. §803.04, and is directly liable to American Family and the Coluccis for any damages for which Midea America is held liable, pursuant to Wis. Stat. §632.24.

### FIRST CAUSE OF ACTION: STRICT PRODUCT LIABILITY CLAIM AGAINST MIDEA AMERICA

17. The plaintiff incorporates herein by reference the preceding paragraphs.

18. Midea America imported and distributed the dehumidifier.

19. The Coluccis are in the class of persons that Midea America should reasonably have foreseen as being subject to the harm caused by the defective condition of the dehumidifier

20. The dehumidifier contained one or more design defects which created a foreseeable risk which could have been avoided by the adoption of a reasonable alternative design.

21. The dehumidifier contained one or more manufacturing defects.

22. The dehumidifier, as manufactured, deviated from its intended design.

23. The defective condition of the dehumidifier rendered it unreasonably dangerous to the Coluccis' property.

24. The defective condition existed at the time the dehumidifier left the control of Midea America.

25. The dehumidifier reached the Coluccis without any material change in the condition in which it was manufactured or sold.

26. The defective condition of the dehumidifier was the cause of the fire and the resulting damages.

27. Neither Guangdong Midea Electric Co., Ltd nor its insurer are subject to service of process within this state.

28. Pursuant to Wis. Stat. §895.048(2)(a)2., Midea America is liable for the damages caused by the dehumidifier.

    WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, in an amount to be determined, plus prejudgment interest, all taxable costs, fees and expenses, and all other just and equitable relief.

Dated: July 20, 2023.

RON HARMEYER LAW OFFICE LLC
Attorneys for American Family Mutual
Insurance Company, S.I.


*s/ Ronald W. Harmeyer*
Ronald W. Harmeyer
State Bar No. 1026579

330 E. Kilbourn Ave., Suite 1070
Milwaukee, WI 53202
Tel. (414) 316-2500
Fax (414) 755-7081
rharmeyer@ronharmeyerlaw.com